# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | | |
|---|---|---|
| MICHELLE COHRAN, | * | |
| Petitioner, | * | |
| | | CASE NO. 5:07-CV-26 WDO |
| vs. | * | 28 U.S.C. § 2255 |
| | | CASE NO. 5:04-CR-101-3 WDO |
| UNITED STATES OF AMERICA , | * | |
| Respondent. | * | |

## **REPORT AND RECOMMENDATION**

Petitioner's Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255 is before this court for preliminary consideration as required by Rule 4 of the Rules Governing Section 2255 Proceedings For The United States District Courts.

The record discloses that Petitioner was indicted in this Court along with four other defendants on March 16, 2005. (R-3). Petitioner was charged in Counts I, II, and V of the Indictment. Count I charged Petitioner Cohran with Conspiracy to Distribute more than 500 grams of methamphetamine in violation of 21 U.S.C. § 846 i/c/w 21 U.S.C. § 841(b)(1)(A)(viii). Count II charged Petitioner Cohran with Distribution of More Than 5 Grams of Methamphetamine in violation of 21 U.S.C. § (a)(1), § 841(b)(1)(B)(viii). Count V of the Indictment charged Petitioner Cohran with Possession With Intent To Distribute More Than 50 Grams of Methamphetamine in violation of 21 U.S.C. § 841(a)(1), § 841(b)(1)(B)(viii), and 18 U.S.C. § 2.

On October 27, 2005, Petitioner Cohran entered into a Plea Agreement with the Government (R-93) and pled guilty to Count V of the Indictment. Counts I and II were

dismissed by the Court on the Government's Motion. At Section 3(G) of the Indictment, Petitioner Cohran waived "any right to appeal or other collateral review of defendant's sentence in any court." (R-93 at 4).

On January 12, 2006, and subsequent to the report of a Pre-Sentence Investigation (PSI) Petitioner Cohran was sentenced to a term of 70 months incarceration, and the same was rendered the Judgment in the case on January 13, 2006. Her conviction and sentence became final on January 24, 2006, when the 10 day period for direct appeal would have expired. *Clay v. United States,* 537 U.S. 522, 123 S.Ct. 1072 (2003).

On January 22, 2007, Petitioner Cohran timely filed a Motion To Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C.§ 2255 (R-153), wherein she asserted the single claim of "Prejudice of the sentencing court - Co-Defendant Nicholas Fitzbibbon received a lower sentence than Cohran for the same Count." Simultaneously, Cohran filed a Request for Extension of Time to File Brief and Permission to Submit Additional Grounds At a Later Date. (R-154). In this request, Petitioner Cohran asked for an extension of ninety (90) days. Petitioner's request was not denied. However, no additional pleadings have been filed. The Clerk of this Court received for filing a second Request for Extension of Time to File Brief and Permission to Submit Additional Grounds At a Later Date on May 11, 2007, requesting an additional ninety (90) days. (R-156). Petitioner's request for second extension of ninety (90) days has been denied.

## Conclusion of Law

      Petitioner Cohran's Motion To Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C. § 2255 fails to state a claim upon which this court may grant relief. A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence. 28 U.S.C. § 2255 ¶ 1. Disparate treatment in sentencing co-defendants in the same criminal enterprize does not violate any legal or constitutional right of the petitioner in a § 2255 Motion To Vacate, Set Aside, or Correct his or her Sentence. *See United States v. Regueiro,* 240 F.3d 1321, 1325-26, (11th Cir. 2001).

      WHEREFORE, IT IS RECOMMENDED that Petitioner's Motion To Vacate, Set Aside, or Correct her Sentence Pursuant to 28 U.S.C. § 2255 be DENIED. Pursuant to 28 U.S.C. § 636 (b)(1), Petitioner may serve and file written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE, WITHIN TEN (10) DAYS after being served with a copy hereof.

      SO RECOMMENDED this 1st day of June 2007.

                                                   S/ G. MALLON FAIRCLOTH
                                                 UNITED STATES MAGISTRATE JUDGE