**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | | |
|---|---|---|
| MICHELLE COHRAN, | * | |
| Petitioner, | * | CASE NO. 5:07-CV-26 WDO |
| vs. | * | 28 U.S.C. § 2255 |
| | | CASE NO. 5:04-CR-101-3 WDO |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

ORDER DISMISSING PETITIONER'S UNTIMELY PLEADING

Petitioner was indicted in this Court along with four other defendants on March 16, 2005. (R-3) Petitioner was charged in Counts I, II, and V of the Indictment. Count I charged Petitioner Cohran with Conspiracy to Distribute more than 500 grams of methamphetamine in violation of 21 U.S.C. § 846 i/c/w 21 U.S.C. § 841(b)(1)(A)(viii). Count II charged Petitioner Cohran with Distribution of More Than 5 Grams of Methamphetamine in violation of 21 U.S.C. § (a)(1), § 841(b)(1)(B)(viii). Count V of the Indictment charged Petitioner Cohran with Possession With Intent To Distribute More Than 50 Grams of Methamphetamine in violation of 21 U.S.C. § 841(a)(1), § 841(b)(1)(B)(viii), and 18 U.S.C. § 2.

On October 27, 2005, Petitioner Cohran entered into a Plea Agreement with the Government (R-93) and pled guilty to Count V of the Indictment. Counts I and II were dismissed by the Court on the Government's Motion. At Section 3(H) of the Indictment, Petitioner Cohran stipulated and agreed that:

[D]efendant by this agreement forever waives any right to

> appeal or other collateral review of defendant's sentence in any court. However, in the event that the District Court imposes a sentence that exceeds the advisory guideline range, then the defendant shall retain the right to pursue a timely appeal directly to the Court of Appeals after the District Court imposes sentence. In the event that the defendant retains the right to a direct appeal, the right is limited to appealing sentencing issues only.

On January 12, 2006, Petitioner Cohran was sentenced to a term of 70 months incarceration, with the advisory U.S.S.G. sentencing guideline range, and the same was rendered the Judgment in the case on January 13, 2006. No direct appeal was filed and her conviction and sentence became final on January 24, 2006, when the 10 day period for direct appeal expired. *Clay v. United States,* 537 U.S. 522, 123 S.Ct. 1072 (2003).

On January 22, 2007, Petitioner Cohran timely filed a Motion To Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C.§ 2255 (R-153), wherein she asserted as **Ground One** the *single* claim of "Prejudice of the sentencing court", adding that:

> **Co-Defendant Nicholas Fitzbibbon received a lower sentence than Cohran for the same Count.**

Petitioner's only request of the court was that the court "vacate Petitioner's sentence and resentence her appropriately considering the Co-Defendant's sentence." (Id. at 14)

Simultaneously, Cohran filed a Request for "Extension of Time to File Brief and Permission to Submit Additional Grounds At a Later Date." (R-154) In this request, Petitioner Cohran asked for an extension of ninety (90) days. Petitioner's request was tacitly allowed. However, no additional pleadings were filed within the 90 day period.

On May 11, 2007, Petitioner Cohran filed a second "Request for Extension of Time to File Brief and Permission to Submit Additional Grounds At a Later Date," requesting an additional ninety (90) days. (R-156) Petitioner's second request for a 90 day extension of ninety (90) days was denied on June 1, 2007.

A Report and Recommendation to Deny Petitioner's Motion was entered in this action on June 1, 2007, forwarded to Petitioner along with notice that she had until June 21, 2007, to file objections to the Report and Recommendation with the District Judge. (R-157) No objections were filed, and on June 26, 2007, the district court denied Petitioner's Motion To Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C.§ 2255, on the legal basis that disparate treatment in sentencing co-defendants in the same criminal enterprise does not violate any legal or constitutional right of the petitioner in a § 2255 Motion To Vacate, Set Aside, or Correct his or her Sentence, per *United States v. Regueiro,* 240 F.3d 1321, 1325-26, (11th Cir. 2001).

Under her signature of July 10, 2007, Petitioner Cohran filed a SUPPORTING MEMORANDUM OF LAW (R-160), in which she attempts to raise two new grounds for relief. She goes so far as to attach copies of pages 6 and 7 from her original Motion (R-157) which have been materially altered to included claims and information not appearing in the originals. Petitioner Cohran's apparent attempt to deceive, or at the least, mislead this court is noted. The SUPPORTING MEMORANDUM OF LAW comes too late.

The AEDPA statute of limitations ran out on her right to file claims pursuant to 28

U.S.C. § 2255 on January 24, 2007, one year after her 10 day period for direct appeal expired. *Clay v. United States,* 537 U.S. 522, 123 S.Ct. 1072 (2003).

The Anti-Terrorism and Effective Death Penalty Act (AEDPA) codified as part of 28 U.S.C. § 2255, effective on April 24, 1996, in relevant part provides as follows:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of -
> (1) the date on which judgment of conviction becomes final;
> (2) the date on which impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Petitioner suggest no reason that she could not have discovered he belated claims, with any amount of diligence, within the one year provided by law. Her belated SUPPORTING MEMORANDUM OF LAW fails to raise any cognizable issue upon which this court would be authorized to reopen Petitioner's Motion To Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C.§ 2255 and give it any further consideration.

Moreover, Petitioner waived all right to appeal her sentence directly or collaterally in her Plea Agreement (R- 93) at ¶ (3)(H) as referenced above.

WHEREFORE, IT IS ORDERED that Petitioner's Motion To Vacate, Set Aside, or

Correct his Sentence Pursuant to 28 U.S.C.§ 2255, which was DENIED by this court on June 26, 2007, remain DENIED and the action remain closed.

**SO ORDERED this 17th day of July 2007.**

**S/**
**WILBUR D. OWENS, JR.**
**UNITED STATES DISTRICT JUDGE**